**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

JOD SELOU,

                    Plaintiff,

                                                            Case No.

v.

INTEGRITY SOLUTION SERVICES, INC.,

                    Defendant.

_____/

**<u>NOTICE OF REMOVAL</u>**

NOW INTO COURT, through undersigned counsel, comes defendant, Integrity Solution Services, Inc., ("ISS"), which hereby removes from the 7th Circuit of Genesee County, State of Michigan, the following described lawsuit, and respectfully states as follows:

1.      ISS is the only defendant in a civil action filed by plaintiff, Jod Selou, in the 7th Circuit of Genesee County, State of Michigan, captioned as *Jod Selou v. Integrity Solution Services, Inc.*, Case No. 15-104208NI (hereinafter the "State Court Action").

2.      Pursuant to 28 U.S.C. §§ 1441 and 1446, ISS removes the State Court Action to this Court, which is the federal judicial district in which the State Court Action is pending.

3.      The complaint in the State Court Action (hereinafter the "State Court Action Complaint") asserts claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

1

4.      Removal of the State Court Action is proper under 28 U.S.C. § 1441.  If the action had originally been brought in this Court, this Court would have original, federal question jurisdiction over plaintiff's FDCPA and TCPA claims per 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

5.      ISS was served with summons and the State Court Action Complaint on February 12, 2015.  This Notice of Removal is filed within 30 days of receipt of the State Court Action Complaint by ISS and is therefore timely filed under 28 U.S.C. § 1446(b).

6.      A copy of all process, pleadings and orders served upon ISS in the State Court Action is being filed with this Notice and is attached hereto as **Exhibit 1**.

WHEREFORE, Integrity Solution Services, Inc., removes the case styled *Jod Selou v. Integrity Solution Services, Inc.*, Case No. 15-104208NI, from the 7th Circuit of Genesee County, State of Michigan, on this 12th day of March, 2015.

Respectfully Submitted,

*/s/ Deborah A. Lujan*
Deborah A. Lujan, Esq.
Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, MI  48075-1473
Telephone:   (248) 351-5417
Facsimile:    (248) 355-2277
Email:  deborah.lujan@ceflawyers.com
Attorneys for Defendant,
Integrity Solution Services, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 12th day of March, 2015 a copy of the foregoing was

served electronically via CM/ECF on the following:

Rex C. Anderson, Esq.
Law Offices of Rex Anderson PC
9459 Lapeer Road, Suite 101
Davison, MI  48423

*/s/ Deborah A. Lujan*
Attorney

**<u>INDEX OF EXHIBITS</u>**

1       Summons and Complaint

# EXHIBIT 1

Approved, SCAO

ᴘᴘ ᴘ COPY

Original - Court
1st copy - Defendant

**RICHARD B. YUILLE**
P-22664

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>7th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>15-104208 -NI |
|---|---|---|

Court address | | Court telephone no.
900 S. Saginaw St., Flint, MI 4802 | | (810) 257-3220

| Plaintiff's name(s), address(es), and telephone no(s).<br>Jod Selou<br>9251 Warwick Woods Ct.<br>Grand Blanc, MI 48439 | v | Defendant's name(s), address(es), and telephone no(s).<br>Integrity Solution Services Inc.<br>20 Corporate Hills Dr., Ste. 300<br>St. Charles, MO 63301<br>(636) 530-7985 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Rex C. Anderson (P47068)<br>9459 Lapeer Rd., Ste. 101<br>Davison, MI 48423<br>(810) 653-3300 | | |

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued FEB 0 6 2015 | This summons expires 2015 | Court clerk Tericia Albright |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Grand Blanc, MI | Defendant(s) residence (include city, township, or village)<br>St. Charles, MO |
|---|---|
| Place where action arose or business conducted<br>Grand Blanc, MI | |

02/03/2015

Date                                                                        Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.

Signature

**FILE COPY**

## STATE OF MICHIGAN
### THE 7ᵗʰ CIRCUIT OF GENESEE COUNTY

| | |
|---|---|
| JOD SELOU, | Case No. 15104208 NI |
| Plaintiff, | Hon. RICHARD B. YUILLE P-22664 |
| v. | **COMPLAINT** |
| INTEGRITY SOLUTION SERVICES INC., | |
| Defendant. | |

*A TRUE COPY*
*Genesee County Clerk*

### COMPLAINT

There is no other pending action or resolved action within
the jurisdiction of this Court between Plaintiff and Defendant.

### INTRODUCTION

1.    Plaintiff, JOD SELOU (hereinafter, "Plaintiff" or "SELOU") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, INTEGRITY SOLUTIONS SERVICES INC., (hereinafter, "Defendant" or "INTEGRITY") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff also brings this action for damages, against Defendant INTEGRITY, debt collectors for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.* or alternatively the Michigan Regulation of Collection Practice Act, ("MRCPA") MCL 445.251 et seq. Plaintiff alleges as follows upon personal

knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2.    The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors, debt collectors and telemarketers may call them, and made specific findings that

> "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, § 11.

Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    The TCPA gives rulemaking authority to the Federal Communications Commission (FCC) to prescribe regulations to implement the requirements of the TCPA. 47 U.S.C. § 227(b)(2).

5.     The TCPA regulates the use of automated telephone equipment, also known as Automated Telephone Dialing Systems (ATDS), autodialers or robodialers, which have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

6.     The TCPA makes it illegal to use autodialers to place calls to a cellular phone other than for an emergency purpose or with the prior express consent of the called party.

7.     In 2003, the FCC issued a Report and Order addressing, in part, autodialed and prerecorded message calls made to cellular telephone numbers. The FCC affirmed that, with two narrow exceptions, it is unlawful to make *any call* using an automatic telephone dialing system or artificial or prerecorded message to any wireless number. The exceptions, inapplicable to the instant case, include calls made for emergency purposes and with prior express consent.  *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C.R 14014, 14115-16 (2003).

8.     With respect to autodialed debt collection calls, in a 2008 Declaratory Ruling, the FCC clarified that autodialed and prerecorded or artificial message calls to a cellular phone number by or on behalf of a creditor are permitted only if the calls are made with the prior express consent of the called party. Prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and provided during the transaction that resulted in the debt owed.  *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 564-65 (2008).

9.     Although the collection industry has argued to the contrary, the TCPA prohibitions are not limited to telemarketing calls; debt-collection calls are covered. *Mims v Arrow*

*Financial Services, LLC,* U.S. Supreme Court, 421 Fed. Appx. 920 (2012), *Brown v. Hosto & Buchan, PLLC,* 748 F.Supp.2d 847 (W.D. Tenn. 2010); *In re Rules & Regulations Implementing Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling,* 23 F.C.C.R. 559, 561 (2008) ("ACA Declaratory Ruling"); *Brown v. Enterprise Recovery Systems, Inc.,* No. 02-11-00436-CV, 2013 WL 4506582, \*5 (Tex.App. Aug. 22, 2013).

10.   A predictive dialer constitutes an automatic telephone dialing system within the meaning of the TCPA.   *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* F.C.C. 07-232, 23 F.C.C. R. 559, 566 ¶ 12 & 13 (Dec. 28, 2007) released Jan. 4, 2008).   In that Ruling, the Federal Communications Commission ("FCC") for a second time rejected the position that a predictive dialer only meets the definition of an ATDS when it randomly or sequentially generates numbers. Rather, it stated "In this Declaratory Ruling, we affirm that a predictive dialer constitutes an automatic telephone system and is subject to the TCPA's restrictions on the use of autodialers." 23 F.C.C. R. 559, 566 ¶ 12.

11.   Dead air calls are the mark of predictive dialers.   As stated by the FCC, "The record before us revealed that consumers often face "dead air" calls and repeated hang-ups resulting from the use of predictive dialers."   Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 70 Fed. Reg. 19330, 19334 (April 13, 2005).

## JURISDICTION AND VENUE

4

12. Jurisdiction of this Court and this action arises under Michigan Occupation Code ("MOC"), M.C.L. § 339.901et seq., or alternatively the Michigan Regulation of Collection Practices Act ("MRCPA"), MCL § 445.251et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

13. Venue is proper in this District/County because Plaintiff resides in this District/County, the harm to Plaintiff occurred in this District/County, and Defendant conducts business there.


## PARTIES

14. Plaintiff SELOU is, and at all times mentioned herein, a natural person who resides in the City of Grand Blanc, County of Genesee, State of Michigan and who is protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt and is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

15. SELOU is a "recipient" and / or "called party" under the TCPA pursuant to 47 U.S.C. § 227.

16. Defendant INTEGRITY is, based upon information and belief, a Missouri corporation with an address of 20 Corporate Hills Drive, Saint Charles, MO., 63301 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), the Michigan Occupational Code (or alternatively a regulated person as that term is defined by the MRCPA).

17.     Defendant INTEGRITY is defined as "any person," prohibited from auto-dialing cellular phone devices pursuant to 47 U.S.C. § 227(b)(1)(iii).

## FACTUAL ALLEGATIONS

18.     At all times relevant to this complaint INTEGRITY sought to collect a "consumer" debt.

19.     Plaintiff's debt arose from a transaction with a Creditor which was primarily for family, personal or household purposes to wit, student loans with Sallie Mae and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) as well as under the cited state statutes.

20.     Starting sometime in mid 2011 Defendant commenced placing numerous telephone collection calls to Plaintiff's cellular telephone numbers,  (786) 505-8216 and (810) 845-1916 with the use of its automated telephone dialing system (hereinafter "ATDS") in an attempt to collect a debt.

21.     These calls continued on and off until June 2014.

22.     Defendant also placed numerous calls to plaintiff's place of employment and discussed Plaintiff's debt with her co-workers.

23.     Plaintiff requested defendant both orally and in writing to stop calling her telephone, her parent's telephone and her place of employment.

24.     On May 26, 2013, Plaintiff requested Defendant's to stop calling her "number on file ... I am being harassed at work. Send all correspondence by mail – 9251 Warwick Woods Ct, Grand Blanc, M I 48439."

*25.* Defendant continued to place collection calls to plaintiff's cell phones despite receipt of her written cease and desist letter in violation of *§ 1692c(c) After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication.*

26. At various times during the years 2013 and 2014, plaintiff allowed Defendant to withdraw automated payments from her bank account attempting to pay her debts.

27. However, Defendant attempted to withdraw larger amounts then agreed to and when Plaintiff cancelled the automatic payments the Defendant immediately began placing collection calls to plaintiff despite receipt of written communication from plaintiff requesting no further calls.

28. Despite written and oral requests to stop, INTEGRITY continued calling Plaintiff and plaintiff's related third parties in an attempt to collect a debt which Plaintiff disputed owing.

29. INTEGRITY also called the business telephone number of plaintiff's place of employment on many occasions despite plaintiff's requests that INTEGRITY stop calling her place of employment.

30. INTEGRITY's debt collectors told plaintiff's co - workers that it was an emergency and to have Plaintiff immediately return the calls.

31. INTEGRITY never stated to plaintiff's employer and co-employees that INTEGRITY "was calling to correct or confirm location information".

32. A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall identify himself,

state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer. 15 U.S.C. § 1692b(1).

33.   INTEGRITY failed to comply with 15 U.S.C. § 1692b(1), violating the FDCPA.

34.   A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt. 15 U.S.C. § 1692b(2).

35.   INTEGRITY failed to comply with 15 U.S.C. § 1692b(2), violating the FDCPA.

36.   A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.  15 U.S.C. § 1692b(3).

37.   INTEGRITY failed to comply with 15 U.S.C. § 1692b(3), violating the FDCPA.

38.   INTEGRITY ignored Plaintiff's request and continued to call her cell phones and place of employment and her parent's phone, multiple times until June 30, 2014.

39.   SELOU attempted to answer some of INTEGRITYS' calls but on many occasions after picking up she would only hear dead air prior to the call being disconnected.

40.   Defendant's harassing calls originated from telephone numbers including, but not limited to 216-278-0060, 201-244-7134, 313-355-1801, 313-879-1146, 313-879-3382, and 313-879-3379.

41. On some occasions, Defendant's telephone calls put forth caller ID which was false and misleading and led the plaintiff to believe the calls were originating from the local area instead Defendant's call center located out of state.

42. Plaintiff's cellular telephone number was assigned to a . . . cellular telephone service as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A).

43. Upon information and belief, the calls from Defendant to Plaintiff's cellular phone were made using an automatic telephone dialing system ("ATDS") which had the capability to store and dial telephone numbers in a random or sequential order without human intervention as defined by 47 U.S.C. § 227(a)(1) and/or used an artificial or prerecorded voice prohibited by 47 U.S.C. § 227(b)(1)(A).

44. Defendant used an automatic telephone dialing system as defined at 47 C.F.R. 64.1200(f)(1) to make the above-described calls to Plaintiff's cellular telephone with its ATDS.

45. Defendant made repeated automated calls to SELOU'S cell phone in violation of the TCPA's prohibitions on automated calls to cell phones. See 47 U.S.C. 227(b).

46. Defendant used an artificial or prerecorded voice as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A), to leave messages on Plaintiff's cellular telephone voice mail.

47. Plaintiff believes that Defendant's calls were placed to her cell phone with the use of an ATDS because Defendant used artificial and pre-recorded voice messages with a high percent of those calls, which Plaintiff answered, being abandoned.

48. On these calls Plaintiff heard clicking noises, dead air and experienced delays on her cell phone during the time that the pre-recorded message informed Plaintiff to stay on the line to get connected [with a live operator].

49.   None of the above-described calls made by Defendant to Plaintiff's cellular telephone were made for emergency purposes as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A).

50.   Defendant did not obtain Plaintiff's prior express consent as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A) to make the above-described calls to Plaintiff's cellular telephone.

51.   Defendant did not have an established business relationship with Plaintiff as the phrase is used in the TCPA, 47 U.S.C. §227(a)(4) when Defendant made the above-described calls to Plaintiff's cellular telephone.

52.   Defendant is not a tax exempt nonprofit organization as the phrase is used in the TCPA, 47 U.S.C. §227(a)(4).

53.   Plaintiff did not provide her cellular telephone number to Defendant.

54.   Plaintiff did not provide her cellular telephone number to the entity on whose behalf Defendant was attempting to collect the alleged debt from Plaintiff and/or revoked her consent to being robo-dialed on her cell phone.

55.   Defendant used an automatic telephone dialing system as defined by 47 U.S.C. §227(a)(1) to make the above-described calls to Plaintiff's cellular telephone, without Plaintiff's prior express consent and for a non-emergency purpose, in violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

56.   Defendant knowingly violated the TCPA.

57.   Defendant willfully violated the TCPA.

### *Respondent Superior* Liability

58. The acts and omissions of Defendant and the individual debt collectors employed as agents by INTEGRITY, who communicated with Plaintiff as described herein, were committed within the time and scope limits of their agency relationship with their principal, Defendant.

59. The acts and omissions by INTEGRITY'S agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by INTEGRITY in collecting consumer debts.

60. By committing these acts and omissions against Plaintiff, INTEGRITY agents were motivated to benefit their principal, INTEGRITY.

61. INTEGRITY is therefore liable to Plaintiff through the Doctrine of *Respondent Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the TCPA and the FDCPA in INTEGRITY's attempts to collect this debt from SELOU.

## COUNT I

### Negligent Violation of the Telephone Communications Protection Act

62. Plaintiff re-alleges the aforementioned paragraphs above as if fully set forth herein, and further states:

63. Defendant's use of an automatic telephone dialing system and/or an artificial or prerecorded voice when calling Plaintiff's cellular telephone constitutes numerous and multiple negligent violations of the TCPA, 47 U.S.C. 227 *et seq.*

11

64. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

65. Plaintiff is also entitled to and seeks injunctive relief enjoining Defendant from further violations of TCPA.

## COUNT II

### Willful Violation of the Telephone Communications Protection Act

66. Plaintiff re-alleges the aforementioned paragraphs above as if fully set forth herein, and further states:

67. Defendant's use of an automatic telephone dialing system and/or an artificial or prerecorded voice when calling Plaintiff's cellular telephone constitutes numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. 227 et seq.

68. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble statutory damages, up to $1,500.00, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

69. Plaintiff is also entitled to and seeks injunctive relief enjoining Defendant from further violations of TCPA.

## COUNT III

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et Seq.

70. Plaintiff re-alleges the aforementioned paragraphs above as if fully set forth herein, and further states:

71. The foregoing acts and omissions of INTEGRITY constitute violations of the

FDCPA including, but not limited to, each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

    a.  § 1692b. Prohibiting a debt collector from telling a third party that the consumer owes any debt; Prohibiting a debt collector from communicating with a third party more than once; Failing to state that the debt collector is confirming or correcting location information about the consumer.

    b.  § 1692c. Impermissible third party contact.

    c.  § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person,

    d.  § 1692d(5). Caused the phone to ring or engaged any person in telephone conversations repeatedly.

    e.  § 1692e. Using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt.

72.    As a result of INTEGRITY'S violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)

## COUNT IV

### Violations of the Michigan Occupational Code

73.    Plaintiff re-alleges the aforementioned paragraphs above as if fully set forth herein, and further states:

74.    INTEGRITY is a "collection agency" or "regulated person" as those terms are defined in the Michigan Occupation Code ("MOC"), M.C.L. § 339.901(b) or alternatively the Michigan Regulation of collection Practices Act ("MRCPA"), MCL § 445.251(b).

75.    Plaintiff is a consumer or person whom the acts were intended to protect. M.C.L. § 339.901(f) or alternatively MCL § 445.251(f).

76.    INTEGRITY has violated M.C.L. § 339.915(n) or alternatively MCL § 445.251(n) by engaging in repeated calls to Plaintiff after Plaintiff told INTEGRITY to stop calling her.

77.    The natural consequence of such repeated calling to a person who does not wish to be bothered is to harass the target of those calls.

78.    INTEGRITY'S continued calls to Plaintiff after her request that Defendant stop calling her, establishes that INTEGRITY failed to implement a procedure designed to prevent a violation by its employees; in violation of M.C.L. § 339.915(q) or alternatively MCL § 445.252(q).

79.    INTEGRITY'S failure to remove Plaintiff's cell phone numbers from its Automated Telephone Dialing System after Plaintiff's request that Defendant stop calling her, establishes that INTEGRITY failed to implement a procedure designed to prevent a violation by its employees; in violation of M.C.L. § 339.915(q) or alternatively MCL § 445.252(q).

80.    INTEGRITY violated MCL § 339.915(e) or alternatively MCL § 445.252(e) by making inaccurate, misleading, untrue or deceptive statements or claims in a communication to collect a debt.

81.    INTEGRITY'S foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Occupation Code and INTEGRITY is liable under general theories of agency or alternatively the MRCPA.

82.    Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code or alternatively Michigan Regulation of Collection Practices Act.

83.    These violations of the Michigan Occupation Code or alternatively Michigan

Regulation of Collection Practices Act were willful.

## COUNT V

### Violations of the Michigan Regulation of Collection Practices Act
### (Alternative to Count IV)

84.    Plaintiff incorporates the preceding allegations by reference.

85.    Defendant INTEGRITY and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the MRCPA, MCL 445.251, et seq.

86.    Plaintiff is a person whom the act was intended protect, MCL 445.251(d).

87.    INTEGRITY'S foregoing acts in attempting to collect this debt against Plaintiffs constitute violations of the Michigan Regulation of Collections Practices Act.

88.    Plaintiff has suffered damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

89.    Defendant's violations of the Michigan Regulation of Collections Practices Act were willful.


## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff SELOU requests that judgment is entered against Defendant INTEGRITY.

## COUNTS I & II

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227et seq.

- For an award of actual damages pursuant to 47 U.S.C. §227 et seq. against Defendant and for Plaintiff;

- For an award of statutory damages pursuant to 47 U.S.C. §227 et seq. against Defendant and for Plaintiff;

- For an award of treble damages pursuant to 47 U.S.C. §227(b)(3);

- Declaratory and injunctive relief prohibiting Defendant from further engaging in conduct that violates TCPA;

- An award of attorneys' fees and costs; and

- Any other such relief the Court may deem proper.

## COUNT III

### Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages in addition to Count II, of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

## COUNT IV

### Violations of the Michigan Occupational Code (as Alternative to Claims under the Michigan Regulation of Collection Practices Act – Count V)

- For an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and

- Reasonable attorney fees and costs; and

- For such other and further relief as may be just and proper.

## COUNT V

**Violations of the Michigan Regulation of Collection Practices Act (as Alternative to Claims under Count IV the Michigan Occupational Code)**

- For an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Debt Collections Practices Act violations in an amount to be determined at trial and for Plaintiff;

- Reasonable attorney fees and costs; and

- For such other and further relief as may be just and proper.

*Accordingly, Plaintiff requests that the Court:*

a.  Grant statutory damages;
b.  Grant actual damages;
c.  Grant treble damages;
d.  Grant exemplary damages;
e.  Grant punitive damages pursuant to the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Regulation of Collection Practice Act, MCL 445.251 et seq; and
f.  Award costs and attorney fees.

Dated: February 3, 2015

Respectfully submitted,

REX ANDERSON, PC

Rex C. Anderson (P47068)
 Attorney for Plaintiffs
9459 Lapeer Rd. Ste. 101
Davison MI 48423
(810) 653-3300
rex@rexandersonpc.net

17