UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODI SELOU,

        Plaintiff,                            Civil Case No. 15-10927
                                                    Honorable Linda V. Parker

v.

INTEGRITY SOLUTION SERVICES
INC., INTEGRITY ACQUISITION, LLC,
CENTRAL CREDIT SERVICES, INC., and
RADIUS GLOBAL SOLUTIONS, LLC,

        Defendants.
_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION TO AMEND (ECF NO. 19) AND (2) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF NO. 14.)**

On February 6, 2015, Plaintiff initiated this lawsuit in state court against Defendant Integrity Solutions Services, Inc. ("Integrity"), alleging violations of state and federal law as a result of Integrity's conduct in connection with the collection of a debt from Plaintiff. Integrity removed Plaintiff's Complaint to federal court on March 27, 2015, on the basis of federal subject matter jurisdiction. Plaintiff thereafter filed a First Amended Complaint, adding as Integrity Acquisition, LLC ("IA"), Central Credit Services, Inc. ("CCS") and Radius Global Solutions, LLC ("Radius") as defendants. (ECF No. 8.) On May 27, 2015, IA, CCS, and Radius filed a motion to dismiss Plaintiff's First Amended Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 14.)  The motion has been fully briefed.  (ECF Nos. 17, 18.)  On August 12, 2015, however, Plaintiff filed a motion to file a Second Amended Complaint in order to name two additional defendants: Navient Corporation and LiveVox, Inc.  (ECF No. 19.)  The currently named defendants filed a response to the motion, indicating that they do not oppose Plaintiff's request to amend her complaint, although they "deny all liability and claims of wrongdoing alleged in the proposed Second Amended Complaint and aver that they have meritorious defenses to all claims."  (ECF No. 20 at Pg ID 241.)

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires."  The Court may deny leave to amend, however, for such reasons as "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005) (internal quotation marks and citation omitted). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

As indicated, Defendants do not oppose Plaintiff's request to amend her complaint and-- perhaps therefore-- do not set forth any reason why leave should not be granted. This Court finds no reason. The Court therefore is **GRANTING** Plaintiff's motion for leave to file the amended pleading attached to her motion. Plaintiff shall file her Second Amended Complaint within seven (7) days of this decision.

Turning to Defendants' motion to dismiss, because the motion is directed at a complaint that will soon be superseded by Plaintiff's amended pleading, the Court is **DENYING** the motion **AS MOOT WITHOUT PREJUDICE**.

**SO ORDERED**.

                                               s/ Linda V. Parker
                                               LINDA V. PARKER
                                               U.S. DISTRICT JUDGE

Dated: October 19, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 19, 2015, by electronic and/or U.S. First Class mail.

                                               s/ Richard Loury
                                               Case Manager